# UNITED STATES COURT OF APPEALS
# FOR THE EIGHT CIRCUIT

No: 22-2918
ARKANSAS UNITED, et al.,
Plaintiffs-Appellees,
v.
JOHN THURSTON, et al.,
Defendants-Appellants.

State of Nebraska, et al.
Amici on Behalf of Appellant(s)

No:23-1154
ARKANSAS UNITED, et al.,
Plaintiffs-Appellees,
v.
JOHN THURSTON, et al.,
Defendants-Appellants

On Appeal from the United States District Court for the

Western District of Arkansas
(No. 5:20-CV-05193)
(No. 5:20-CV-05193)
The Honorable Timothy L. Brooks

**APPELLEES' OPPOSED MOTION TO LIFT ABEYANCE**

Griselda Vega Samuel
Susana Sandoval Vargas

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
100 N. La Salle St., Suite 1900
Chicago, IL 60602
(312) 427-0701
gvegasamuel@maldef.org
ssandovalvargas@maldef.org

Nina Perales

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
110 Broadway St., Suite 300
San Antonio, Texas 78205
(210) 224-5476
nperales@maldef.org

Lawrence Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, AR 72206
(501) 374-3758
Lwalker@walkerandchilds.com

Plaintiffs-Appellees respectfully move this Court to lift the abeyance in this case and set a briefing schedule. Given the United States Supreme Court's recent decision in *Allen v. Milligan*, 143 S.Ct. 1487 (2023), which recognized that Section 2 of the federal Voting Rights Act ("VRA") is privately enforceable, there is no need to continue to hold this case in abeyance. The upcoming Arkansas 2024 Primary Election further serves as reason to lift the abeyance. Seven months from now, Arkansas will hold its 2024 Primary Election leading to the 2024 General Election in November 2024, and limited English proficient voters' rights under the federal Voting Rights Act will once again be at risk.

On January 27, 2023, the Parties to this case submitted a joint motion requesting to consolidate and hold the proceedings in the appeal on the merits (No: 22-2918) and the appeal of Plaintiffs-Appellees' attorney's fees and costs petition (No: 23-1154) in abeyance pending this Court's decision in *Arkansas State Conference of the NAACP v. Arkansas Board of Apportionment,* No. 22-1395 (8th Cir.) ("Arkansas State Conference of the NAACP"). *See* Dkt. No. 5240117. In *Arkansas State Conference of the NAACP*, the question raised was whether Section

2 of the Voting Rights Act is privately enforceable. The merits appeal in this case raises a similar question of whether Section 208 of the federal Voting Rights Act is privately enforceable. Given the similarity of the issues presented, for judicial economy and preserving the Parties' resources the Parties requested that all proceedings be held in abeyance until this Court's decision in *Arkansas State Conference of the NAACP*. On March 6, 2023, this Court consolidated the cases and held all proceedings in abeyance. *See* Dkt. No. 5251858.

On June 8, 2023, the U.S. Supreme Court issued a decision in *Allen v. Milligan* that supports the conclusion that an implied private right of action exists for parties to enforce their rights under Section 2 of the VRA. 143 S.Ct. 1487 (2023). In *Milligan*, a challenge brought by private parties, the U.S. Supreme Court upheld a lower district court's decision to strike down Alabama's 2020 congressional map as racially gerrymandered in violation of Section 2 of the VRA. *Id*. Throughout the Court's decision, and in Justice Kavanaugh's concurring opinion, the Court notes the importance of not uprooting nearly 40 years of precedent in §2 Voting Rights Acts jurisprudence. *Id*. at 1504 and 1507. ("*Gingles* has governed our Voting Rights Act jurisprudence since it was decided 37 years ago…And we have applied *Gingles* in one § 2 case after another, to different kinds of electoral systems and to different jurisdictions in States all over the country.…We accordingly decline to recast our [Section 2] case law as Alabama

3

requests."). A private right of action under Section 2 of the VRA is implicit in the fact that individual plaintiffs over decades have brought and won Section 2 claims under the VRA for racially discriminatory violations of their right to vote. The Supreme Court's recent decision not only cements the 40-year precedent, but also confirms there is an implied private right of action for violations of the VRA. Since the U.S. Supreme Court has recently addressed the sturdiness of precedent under section 2 and the VRA, there is no need to continue to hold this case in abeyance.

The rapidly approaching Arkansas Primary Election on March 5, 2024, which will bring out thousands of voters across the state, provides further support for lifting the abeyance. *2024 Election Dates*, Ark. Sec'y of State (Rev. July 2023), https://www.sos.arkansas.gov/uploads/elections/2024_Election_Calendar_Rev._7-2023__1.pdf. The current population in Arkansas is 3,045,637. *Population Estimates July 1, 2022 (V2022)*, Census Bureau (July 1, 2022), https://www.census.gov/quickfacts/AR. This is an increase of 1.1% from 2020, when Plaintiffs first filed this case on November 2, 2020 to challenge Arkansas's six-voter limit that prevents voters from casting their ballot with the assistor of their choice, when that assistor has already helped six other voters during an election. *Id.* During the November 2020 General Election, over 1.2 million voters cast their ballot in Arkansas. *Nov. 3, 2020, 2020 General Election and Nonpartisan Judicial Runoff: Voter Turnout*, Ark. Sec'y of State (September 3, 2021),

https://results.enr.clarityelections.com/AR/106124/web.264614/#/detail/100.

There were approximately 83,000 Latinos eligible to cast their vote in Arkansas during that election. R. Doc. 2 at 2, ¶21. Of those Latino voters, many were limited English proficient, and required voting assistance. *Id.* at ¶ 22. There will be approximately 87,800 Latinos in Arkansas that are eligible to vote in the 2024 elections. *Citizen Voting Age Population (CVAP) 2017-2021 5-year ACS Data-CSV Format*, Census Bureau (February 1, 2023), https://www.census.gov/programs-surveys/decennial-census/about/voting-rights/cvap.html. The increase in Latino eligible voters for the 2024 elections means the risk of disenfranchisement for limited English proficient voters in Arkansas is still significant. Organizations that want to provide critical voting assistance to limited English proficient voters, like Plaintiff-Appellee Arkansas United, will be unable to meet the demands for assistance if Arkansas' six-voter limit remains in place. Because Arkansas is not required to provide language assistance under Section 203 of the VRA, there is a high risk that limited English proficient voters' fundamental right to vote will be infringed. 86 Fed. Reg. 69,611 (Dec. 8, 2021), https://www.justice.gov/media/1183616/dl?inline. The district court's injunction reduces the risk of disenfranchisement for limited English proficient voters by allowing those voters greater ability to select their assistor of choice.

5

For these reasons and respecting the importance of the *Purcell* principles that may come into issue the longer this case is held in abeyance, and the closer the 2024 elections approach, Plaintiffs-Appellees respectfully request the Court to lift the abeyance and set a new briefing schedule. *See Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006).

Dated: August 30, 2023

Respectfully Submitted,

/s/ Griselda Vega Samuel

Lawrence Walker
AR Bar No. 2012042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206
Tel: (501) 374-3758
Lwalker@walkerandchilds.com

MEXICAN AMERICAN
LEGAL DEFENSE AND
EDUCATIONAL FUND

Griselda Vega Samuel
IL State Bar No. 6284538
Susana Sandoval Vargas
IL State Bar No. 6333298
100 N. La Salle St., Suite 1900
Chicago, IL 60602
Phone: (312) 427-0701
Email: gvegasamuel@maldef.org
Email: ssandovalvargas@maldef.org

Nina Perales
TX State Bar No. 24005046
110 Broadway St., Suite 300

San Antonio, Texas 78205
Phone: (210) 224-5476
Email: nperales@maldef.org
ATTORNEYS FOR APPELLEES

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on August 14, 2023, I sent an email to counsel for Appellants seeking their position on the instant motion. On August 15, 2023, Appellants responded as follows: "Defendants would oppose a motion to lift the stay."

/s/ Griselda Vega Samuel
Griselda Vega Samuel

Attorney for Appellees

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because it contains 940 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Times New Roman font, using Microsoft Word.

I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eight Circuit by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Griselda Vega Samuel
Griselda Vega Samuel

Attorney for Appellees