# UNITED STATES COURT OF APPEALS
# FOR THE EIGHT CIRCUIT

No: 22-2918

Arkansas United and L. Mireya Reith

Appellees,

v.

John Thurston, in his official capacity as the Secretary of State of Arkansas, et al.

Appellants.

---------------------------

State of Nebraska, et al.

Amici on Behalf of Appellant(s)


No: 23-1154

Arkansas United and L. Mireya Reith

Appellees,

v.

John Thurston, in his official capacity as the Secretary of State of Arkansas, et al.

Appellants.


Appeal from the U.S. District Court for the Western District of Arkansas - Fayetteville
(5:20-CV-05193-TLB)
(5:20-CV-05193-TLB)

## PLAINTIFFS-APPELLEES' MOTION TO STAY DEADLINES PENDING INDICATIVE RULING BY THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS

Plaintiffs-Appellees respectfully move the Court to stay deadlines pending resolution by the district court of Plaintiffs-Appellees' motion for indicative ruling under Fed. R. Civ. P. 62.1(a). The purpose of the stay is to allow the district court

to indicate whether it would grant Plaintiffs-Appellees' motion for leave to amend their complaint to add an alternative claim for relief under 42 U.S.C. § 1983, in light of this Court's decision in *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1206 (8th Cir. 2023) and subsequent denial of review *en banc*. *See Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 91 F.4th 967 (8th Cir. 2024).

**Procedural Background and Relief Requested**

This voting rights lawsuit challenges several Arkansas statutes that limit voter assistance. Plaintiffs-Appellees sued under Section 208 of the Voting Rights Act, 52 U.S.C. §10508.[1] Defendants-Appellants moved to dismiss the Section 208 claim on the grounds that Section 208 does not provide private parties with a cause of action. In its order denying the motion to dismiss, the district court rejected the argument regarding the private right of action and concluded that Section 3 of the Voting Rights Act "clearly contemplates 'proceeding[s] instituted by . . . an aggrieved person under any statute to enforce the voting guarantees of the fourteenth or fifteenth amendment.' This language explicitly creates a private right of action

---

[1] Plaintiffs-Appellees also sued under the U.S. Constitution's Supremacy Clause, Article VI, Paragraph 2 of the U.S. Constitution, and alleged that Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19), and 7-1-103(b)(1) conflict and interfere with Section 208 of the federal Voting Rights Act. Plaintiffs-Appellees did not sue under 42 U.S.C. 1983.

to enforce the VRA[.]" *Arkansas United v. Thurston*, 517 F. Supp. 3d 777, 790 (W.D. Ark. 2021).

The district court subsequently granted partial summary judgment to Plaintiffs-Appellees, explaining that "The Supreme Court has long found—consistent with § 3 and the VRA's remedial purpose—that a right of action exists for private parties to enforce the VRA's various sections." *Arkansas United v. Thurston*, 626 F. Supp. 3d 1064, 1079 n. 12 (W.D. Ark. 2022). The district court enjoined Defendants-Appellants from enforcing § 7-5-310(b)(4)(B) of the Arkansas Code "or otherwise engaging in any practice that limits the right secured by § 208 of the Voting Rights Act based on the number of voters any individual has assisted." *Id*. at 1088.

Defendant state officials appealed and argued to this Court in their opening brief that "[t]he lack of a private right of action [under § 208 of the Voting Rights Act] is a fatal jurisdictional defect warranting dismissal for lack of subject-matter jurisdiction." Dkt. 5229102.

On March 6, 2023, the Court ordered that this appeal, and a related appeal on attorney's fees, "are hereby consolidated and these cases shall be held in abeyance pending a decision in AR State Conference NAACP, et al v. AR Board of Apportionment, et al[.]" Dkt. 5251858. On September 14, 2023, the Court denied Plaintiffs-Appellants motion to resume briefing. Dkt. 5316257.

In *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, the Court ruled that Congress did not give private plaintiffs the ability to sue under § 2 of the Voting Rights Act. *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment* 86 F.4th 1204, 1206 (8th Cir. 2023) (*Arkansas NAACP*). Rejecting the argument that Section 3 of the Voting Rights Act contemplates suits by private individuals to enforce Section 2, the Court explained that "Private plaintiffs can sue under statutes like 42 U.S.C. § 1983, where appropriate, and the Attorney General can do the same under statutes like § 12. And then § 3 sets ground rules in the types of lawsuits each can bring." *Id*. at 1213.

The Court denied a motion for panel rehearing or rehearing *en banc* in *Arkansas NAACP* on January 30, 2024. *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 91 F.4th 967 (8th Cir. 2024). In a concurring opinion, two judges noted that "the plaintiffs did not plead a § 1983 claim, brief it below, or request leave to add it, even after being 'put ... on notice of the possible deficienc[y] in their original complaint.'" *Id*. at 967 (citation omitted). A dissenting opinion argued that "[t]he proper disposition of the plaintiffs' appeal, therefore, is to reverse the dismissal and remand for further proceedings. . . The plaintiffs would have an opportunity to amend their complaint to add an alternative claim for relief under 42 U.S.C. § 1983." *Id*. at 972. On April 17, 2024, the U.S. Supreme Court (Kavanaugh, J.) granted *Arkansas NAACP* Plaintiffs' application to extend the time

4

to file a petition for a writ of certiorari to June 28, 2024. *Arkansas State Conference NAACP, et al., Applicants v. Arkansas Board of Apportionment, et al.*, No. 23A929 (U.S. Supreme Court Apr. 17, 2024).[2]

This appeal raises a question similar to that addressed in *Arkansas NAACP* -- whether Section 208 of the federal Voting Rights Act is privately enforceable.[3] With the benefit of the Court's ruling in *Arkansas NAACP*, and the concurring and dissenting opinions in the Court's denial of *en banc* review, Plaintiffs-Appellees plan to seek leave to amend their complaint to add an alternative claim for relief under 42 U.S.C. § 1983.

Plaintiffs-Appellees filed a motion for indicative ruling in the district court. Exh. A. In that motion, Plaintiffs-Appellees request that the district court indicate that it would be inclined to grant their motion for leave to amend their complaint, or that the motion raises a substantial issue. Given the similarity of the issues presented, in light of the pending motion for indicative ruling, and in the interest of judicial economy and to preserve the parties' resources, Plaintiffs-Appellees respectfully suggest that a stay of appellate briefing deadlines is appropriate.

Dated: April 23, 2024             Respectfully submitted,

/s/ Nina Perales

---

[2] Order available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23a929.html (last visited April 22, 2024).
[3] The Court lifted the stay of proceedings on February 27, 2024.

Nina Perales

Lawrence Walker
AR Bar No. 2012042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206
Tel: (501) 374-3758
Facsimile: (501) 374-4187
lwalker@jwwlawfirm.com

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

Susana Sandoval Vargas
IL State Bar No. 6333298
11 E. Adams, Suite 700
Chicago, IL 60603
Phone: (312) 427-0701
Facsimile: (312) 427-0691
Email: ssandovalvargas@maldef.org

Nina Perales
TX State Bar No. 24005046
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

ATTORNEYS FOR PLAINTIFFS-APPELLEES

# CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on April 18, 2024 and April 19, 2024, counsel for Plaintiffs emailed counsel for Defendants-Appellants and requested State Defendants' position on the above motion. On April 22, 2024, counsel for Defendants-Appellants responded that they oppose this motion.

/s/ Nina Perales
Nina Perales
Attorney for Plaintiffs

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because it contains 979 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Times New Roman font, using Microsoft Word.

I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

/s/ Nina Perales
Nina Perales
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eight Circuit by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Nina Perales
Nina Perales
Attorney for Plaintiffs

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ARKANSAS UNITED and L. MIREYA REITH<br><br>                              Plaintiffs,<br><br>      v.<br><br>JOHN THURSTON, in his official capacity as the Secretary of State of Arkansas, SHARON BROOKS, BILENDA HARRIS-RITTER, WILLIAM LUTHER, CHARLES ROBERTS, JAMES SHARP, and J. HARMON SMITH, in their official capacities as members of the Arkansas State Board of Election Commissioners, and RENEE OELSCHLAEGER, BILL ACKERMAN, MAX DEITCHLER, and JENNIFER PRICE in their official capacities as members of the Washington County Election Commission, RUSSELL ANZALONE, ROBBYN TUMEY, and HARLAN STEE in their official capacities as members of the Benton County Election Commission, and DAVID DAMRON, LUIS ANDRADE, LEE WEBB, in their capacities as members of the Sebastian County Election Commission, and MEGHAN HASSLER in her capacity as Election Coordinator for the Sebastian County Election Commission<br><br>                              Defendants. | Case No. 5:20-cv-05193-TLB |

**PLAINTIFFS' OPPOSED MOTION FOR INDICATIVE RULING
UNDER F**ED**. R. C**IV**. P. 62.1 (A)**

      NOW COME Plaintiffs Arkansas United and L. Mireya Reith ("Plaintiffs") and, pursuant to Fed. R. Civ. P. 62.1 (a), file this Motion for an Indicative Ruling as to whether the Court would grant leave for Plaintiffs to amend their complaint.  Plaintiffs file this motion in the wake of the decision by the Eighth Circuit, in a different case, that private plaintiffs lack the ability to sue under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, but that "[p]rivate plaintiffs

1

can sue under statutes like 42 U.S.C. § 1983, where appropriate[.]" *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1213 (8th Cir. 2023).

## BACKGROUND

This voting rights lawsuit challenges several Arkansas statutes that limit voter assistance. Plaintiffs' amended complaint asserts a claim under Section 208 of the Voting Rights Act, 52 U.S.C. §10508.[1]  Dkt. 79.  State Defendants moved the Court to dismiss Plaintiffs' claim under Section 208, asserting, among other theories, that "Section 208 . . . does not provide private parties with a cause of action."  Dkt. 87 at 10.  In its order denying State Defendants' motion to dismiss, the Court rejected the argument regarding the private right of action and concluded that Section 3 of the Voting Rights Act "clearly contemplates 'proceeding[s] instituted by . . . an aggrieved person under any statute to enforce the voting guarantees of the fourteenth or fifteenth amendment.'  This language explicitly creates a private right of action to enforce the VRA[.]"  Dkt. 102 at 16-17.

The Court subsequently granted Plaintiffs' motion for summary judgment in part, explaining that "The Supreme Court has long found—consistent with § 3 and the VRA's remedial purpose—that a right of action exists for private parties to enforce the VRA's various sections."  Dkt. 179 at 22 n. 12.  The Court enjoined State and County Defendants from enforcing § 7-5-310(b)(4)(B) of the Arkansas Code "or otherwise engaging in any practice that limits the right secured by § 208 of the Voting Rights Act based on the number of voters any individual has assisted."  Dkt. 179 at 38.

---

[1] Plaintiffs also pleaded a claim under the U.S. Constitution's Supremacy Clause, Article VI, Paragraph 2 of the U.S. Constitution, and asserted that Arkansas Election Code §§ 7-5-310(b)(4)(B), 7-5-310(b)(5), 7-1-103(a)(19), and 7-1-103(b)(1) conflict and interfere with Section 208 of the federal Voting Rights Act.  Dkt. 79 at 19-20.

2

State Defendants appealed and argued in their opening brief that "[t]he lack of a private right of action [under § 208 of the Voting Rights Act] is a fatal jurisdictional defect warranting dismissal for lack of subject-matter jurisdiction." Brief of Appellants, *Arkansas United, et al. v. John Thurston, et al.*, No. 22-2918 at 27 (December 20, 2022).

The Eighth Circuit stayed appellate briefing deadlines in this case pending its ruling in *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1206 (8th Cir. 2023) (*Arkansas NAACP*). In that decision, the Eighth Circuit ruled that Congress did not give private plaintiffs the ability to sue under § 2 of the Voting Rights Act. *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 86 F.4th 1204, 1206 (8th Cir. 2023) (*Arkansas NAACP*). Rejecting the argument that Section 3 of the Voting Rights Act contemplates suits by private individuals to enforce the statute, the Eighth Circuit explained that "Private plaintiffs can sue under statutes like 42 U.S.C. § 1983, where appropriate, and the Attorney General can do the same under statutes like § 12. And then § 3 sets ground rules in the types of lawsuits each can bring." *Id.* at 1213.

The Eighth Circuit denied a motion for panel rehearing or rehearing *en banc* in *Arkansas NAACP* on January 30, 2024. *Arkansas State Conference NAACP v. Arkansas Bd. of Apportionment*, 91 F.4th 967 (8th Cir. 2024). In a concurring opinion, two judges noted that "the plaintiffs did not plead a § 1983 claim, brief it below, or request leave to add it, even after being 'put ... on notice of the possible deficienc[y] in their original complaint.'" *Id.* at 967 (citation omitted). A dissenting opinion argued that "[t]he proper disposition of the plaintiffs' appeal, therefore, is to reverse the dismissal and remand for further proceedings. . . The plaintiffs would have an opportunity to amend their complaint to add an alternative claim for relief under 42 U.S.C. § 1983." *Id.* at 972. On April 17, 2024, the U.S. Supreme Court (Kavanaugh, J.) granted

*Arkansas NAACP* Plaintiffs' application to extend the time to file a petition for a writ of certiorari to June 28, 2024. *Arkansas State Conference NAACP, et al., Applicants v. Arkansas Board of Apportionment, et al.*, No. 23A929 (U.S. Supreme Court Apr. 17, 2024).[2]

REQUEST FOR INDICATIVE RULING

In light of the Eighth Circuit's decision that private plaintiffs lack the ability to sue under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, but that "[p]rivate plaintiffs can sue under statutes like 42 U.S.C. § 1983, where appropriate," Plaintiffs respectfully request an indicative ruling from the Court as to whether it would grant a motion to amend Plaintiffs' complaint to add an alternative claim for relief under 42 U.S.C. § 1983.

Fed. R. Civ. P. 62.1 (a) provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Following an indicative ruling, the district court may decide the motion if the court of appeals remands for that purpose. Fed. R. Civ. P. 62.1 (c).

Because this case is on appeal to the Eighth Circuit, the Court lacks authority to grant a motion by Plaintiffs to amend their complaint. However, the Eighth Circuit's decision (after summary judgment in this case) that there is no private right of action to enforce Section 2 of the Voting Rights Act, but that private plaintiffs may be able to sue under 42 U.S.C. 1983, presents appropriate circumstances for an indicative ruling. For this reason, Plaintiffs request that the

---

[2] Order available at
https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23a929.html (last visited April 22, 2024).

Court order that it would be inclined to grant Plaintiffs' motion for leave to amend their complaint, or that the motion raises a substantial issue, on which Plaintiffs may then move the Eighth Circuit for a limited remand for the purpose of considering Plaintiffs' motion to amend their complaint.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to grant their Motion for an Indicative Ruling.

Dated: April 22, 2024                                    Respectfully submitted,

/s/ Susana Sandoval Vargas
Susana Sandoval Vargas

Lawrence Walker
AR Bar No. 2012042
John W. Walker, P.A.
1723 Broadway
Little Rock, AR  72206
Tel: (501) 374-3758
Facsimile: (501) 374-4187
lwalker@jwwlawfirm.com

MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND

Susana Sandoval Vargas*
IL State Bar No. 6333298
11 E. Adams, Suite 700
Chicago, IL 60603
Phone: (312) 427-0701
Facsimile: (312) 427-0691
Email: ssandovalvargas@maldef.org

Nina Perales*
TX State Bar No. 24005046

             110 Broadway, Suite 300
             San Antonio, Texas 78205
             Phone: (210) 224-5476
             Facsimile: (210) 224-5382
             Email:  nperales@maldef.org

             ATTORNEYS FOR PLAINTIFFS

\* Admitted *pro hac vice*

## Certificate of Conference

I HEREBY CERTIFY that on April 18, 2024 and April 19, 2024, counsel for Plaintiffs emailed counsel for State Defendants and requested State Defendants' position on the above motion. On April 22, 2024, counsel for State Defendants responded that they oppose this motion.

            /s/ Nina Perales
            Nina Perales
            Attorney for Plaintiffs

## Certificate of Service

I HEREBY CERTIFY that April 22, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. I also certify that there are no non-CM/ECF participants to this action.

            /s/ Nina Perales
            Nina Perales
            Attorney for Plaintiffs