# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 22-2918

Arkansas United and L. Mireya Reith

Appellees

v.

John Thurston, in his official capacity as the Secretary of State of Arkansas, et al.

Appellants

Remee Oelschlaeger, in her official capacity as a member of the Washington County Election Commission, et al.

------------------------------

State of Nebraska, et al.

Amici on Behalf of Appellant(s)

United States

Amicus on Behalf of Appellee(s)

No: 23-1154

Arkansas United and L. Mireya Reith

Appellees

v.

John Thurston, in his official capacity as the Secretary of State of Arkansas, et al.

Appellants

Remee Oelschlaeger, in her official capacity as a member of the Washington County Election Commission, et al.

------------------------------

United States

Amicus on Behalf of Appellee(s)

_____

Appeals from U.S. District Court for the Western District of Arkansas - Fayetteville
(5:20-cv-05193-TLB)

_____

## ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

Chief Judge Colloton, Judge Smith, Judge Kelly, and Judge Erickson would grant the petition for rehearing en banc.

COLLOTON, Chief Judge, with whom SMITH, KELLY, and ERICKSON, Circuit Judges, join, dissenting from denial of rehearing en banc.

I would grant the petition for rehearing en banc to address a question of exceptional importance. The district court determined that the Arkansas statute at issue is preempted by federal law, and the panel did not address that point. The panel

ruled instead that only the Attorney General of the United States can bring an action to challenge the Arkansas provision. The question is whether the plaintiffs in this case may seek equitable relief to enjoin enforcement of a preempted state statute. *See, e.g.*, *Local Union No. 12004, United Steelworkers v. Massachusetts*, 377 F.3d 64, 75 & n.8 (1st Cir. 2004).

Unlike "the judicially unadministrable" federal statute that precluded the availability of equitable relief in *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 328 (2015), § 208 of the Voting Rights Act is readily administrable. *See* 52 U.S.C. § 10508; *OCA-Greater Houston v. Texas*, 867 F.3d 604, 614-15 (5th Cir. 2017). The panel misconstrued *Armstrong* to mean that equitable relief is available only "when no other remedy is available." *Ark. United v. Thurston*, 146 F.4th 673, 679 (8th Cir. 2025). The Supreme Court has held to the contrary. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256 n.3 (2011). The Court in *Armstrong* acknowledged *Stewart* and declined to hold that availability of another enforcement mechanism was sufficient to preclude equitable relief. 575 U.S. at 328.

The State did not appeal the district court's recognition of a claim for equitable relief under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). *See* R. Doc. 179, at 30. The State's lead argument against rehearing, ironically, is that the plaintiffs supposedly forfeited their claim to equitable relief. But the panel addressed the question on the merits and established a precedent that will carry forward unless the decision is revisited. The full court should thus reconsider this case and apply a correct legal framework.

Unfortunately, the court instead continues on a regrettable path of rendering unenforceable, in this circuit alone, the voting rights law that many have considered "the most successful civil rights statute in the history of the Nation." *Allen v. Milligan*, 599 U.S. 1, 10 (2023) (quoting S. Rep. No. 97-417, p. 111 (1982)). *Cf. Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir.), *mandate stayed*, 145 S. Ct. 2876, *petition for cert. filed* (U.S. Sept. 4, 2025) (No. 25-253). *Compare Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204 (8th Cir. 2023), *with Robinson v. Ardoin*, 86 F.4th 574, 587-88 (5th Cir. 2023); *Singleton v. Allen*, 782 F. Supp. 3d 1092, 1322 (N.D. Ala. 2025) (three-judge court)

(per curiam) (rejecting Eighth Circuit decision and stating that "[i]t is difficult in the extreme for us to believe that for nearly sixty years, federal courts have consistently misunderstood one of the most important sections of one of the most important civil rights statutes in American history, and that Congress has steadfastly refused to correct our apparent error."), *appeal docketed* (U.S. Sept. 10, 2025) (No. 25-273); *Miss. State Conf. NAACP v. State Bd. of Election Comm'rs*, 739 F. Supp. 3d 383, 410, 412 (S.D. Miss. 2024) (three-judge court) (per curiam) (finding "Chief Judge Smith's dissent in that [Eighth Circuit] case to express the more persuasive analysis," and concluding that "[i]f a court now holds, after almost 60 years, that cases filed by private individuals were never properly brought, it should be the Supreme Court [that] has the controlling word on so momentous a change"), *appeal docketed* (U.S. Aug. 28, 2025) (No. 25-234), *and Ga. State Conf. of NAACP v. Georgia*, No. 1:21-CV-5338, 2022 WL 18780945, at *4 (N.D. Ga. Sept. 26, 2022) (three-judge court) (per curiam) ("We think it obvious that, by its clear terms, Section 2 guarantees a particular individual right to all citizens: *i.e.*, a right not to have one's vote denied or abridged on account of race or color.").

_____

October 24, 2025

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
    /s/ Susan E. Bindler